IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2011

## RYAN MATHIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. CC-10-CR-55     William B. Acree, Judge**

_____

**No. W2010-01797-CCA-R3-PC  - Filed July 14, 2011**

_____

The Petitioner, Ryan Mathis, pleaded guilty to one count of aggravated burglary, one count of employment of a firearm during a dangerous felony, two counts of aggravated robbery, and three counts of aggravated kidnapping.  All of his sentences were ordered to be served concurrently, for a total effective sentence of eight years in the Department of Correction.  The Petitioner filed a petition for post-conviction relief, claiming that he received ineffective assistance of counsel.  Following an evidentiary hearing, the post-conviction court denied relief.  In this appeal, the Petitioner contends that the post-conviction court erred when it denied relief and, specifically, he asserts that Trial Counsel failed to fully advise him of the nature and elements of aggravated kidnapping.  After our review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, SP. J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Beau Pemberton, Dresden, Tennessee, for the appellant, Ryan Mathis.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; and Thomas Thomas, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

According to the post-conviction court's order denying relief,[1] the underlying facts of the Petitioner's convictions are as follows:

> Jonathon Mathis and his co-defendant, [William] Camacho, broke into the victims' home. The [P]etitioner was outside in the car. The victims were a man and woman and the woman's son. They were held at gunpoint and were bound by duct tape. Both the feet and hands of the woman and her son were bound, but only the hands of the man. Before leaving, the victims were told to wait ten minutes before they attempted to free themselves. After leaving, one of the defendants returned and asked the victims if they knew how long ten minutes were. The defendants then stole the victims' motor vehicle and met up with the [P]etitioner. They were apprehended later that night in Dyer County with the items which had been stolen.

Regarding the offenses with which the Petitioner was charged, and subsequently pleaded guilty to, the post-conviction court noted as follows:

> The [P]etitioner along with co-defendants, William Joseph Camacho and Jonathon Mathis, were indicted by the Circuit Court of Obion County in February, 2009 (case number CC-09-CR-5) for one count of aggravated burglary, two counts of felony employment of a firearm during a dangerous felony, three counts of especially aggravated kidnapping, and two counts of aggravated robbery.
>
> On May 8, 2009, pursuant to a plea bargain agreement, the [P]etitioner along with the co-defendants entered pleas of guilty to seven of the eight counts. Each defendant received a sentence of three years for the crimes of aggravated burglary and felony employment of a firearm during a dangerous felony; three sentences of eight years for the lesser included offense of aggravated kidnapping; and two eight year sentences for the offenses of

---

[1] The transcript of the Petitioner's guilty plea hearing is not included in the appellate record, nor are any of the judgments. Thus, we must rely on the post-conviction court's order for the relevant facts, as well as for information regarding the offenses to which the Petitioner pleaded guilty and the sentences he received for the various offenses.

aggravated robbery. The sentences were ordered to run concurrently and to be served in the Tennessee Department of Corrections.

On April 15, 2010, the Petitioner filed a petition for post-conviction relief, in which he alleged that his "guilty plea was not entered knowingly, voluntarily, or intelligently, due to the ineffective assistance of counsel in failing to challenge the kidnapping charge as 'necessary to consum[m]ate the accompanying felony.'" On July 16, 2010, the post-conviction court held an evidentiary hearing.

Trial Counsel was the only witness presented. She testified that, before the Petitioner pleaded guilty, she met with him at least two or three times while he was in jail. She recalled that, on the night in question, the Petitioner dropped off and picked up his co-defendants but that there was no evidence that he went inside the house during the burglary, kidnappings, and robberies. However, she noted that one of the Petitioner's co-defendants "gave a statement stating that [the Petitioner] was the one that planned the whole thing." Trial Counsel also recalled that the Petitioner gave a statement to police in which he admitted that he dropped off and picked up his two co-defendants, that his co-defendants told him they were going to make some money, that he knew they were going to do something illegal, and that he saw they had guns, duct tape, and ski masks. Trial Counsel testified that she explained the theories of criminal responsibility and accomplice liability to the Petitioner and that he understood what she explained to him.

Regarding the Petitioner's plea agreement, Trial Counsel testified that the district attorney's office offered all three co-defendants the same eight-year plea deal and, despite her efforts, she could not get a better deal for the Petitioner. She recalled that the Petitioner's co-defendants pleaded guilty "and under oath, they both stated that [the Petitioner] planned it all." Trial Counsel stated that she and the Petitioner discussed proceeding to trial and that she told him that it was his decision whether or not he wanted to go to trial. She recalled that, ultimately, the Petitioner "did not want to take his chances with a jury." Although Trial Counsel said that she did not specifically review the indictments with the Petitioner, she recalled that, on several occasions, she and the Petitioner discussed the offenses to which he pleaded guilty.

On July 22, 2010, the post-conviction court entered an order denying post-conviction relief. It is from this order that the Petitioner now appeals.

**Analysis**

In this appeal, the Petitioner contends that the post-conviction court erred by denying his petition because Trial Counsel "was ineffective by failing to advise the [Petitioner] of the

nature and elements of aggravated kidnapping and the resulting consequences of entering a guilty plea to this charge."

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer and actual prejudice to the defense caused by the deficient performance. Id. at 687; Burns, 6 S.W.3d at 461. To demonstrate prejudice, a defendant must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The defendant bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made. See Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. Id. "However, a trial court's conclusions of law—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id. (emphasis in original).

After reviewing the record, we conclude that the Petitioner has failed to meet his burden of showing by clear and convincing evidence that Trial Counsel was ineffective. The Petitioner did not testify at the hearing on his post-conviction petition. Trial Counsel testified that, in addition to seeing the Petitioner at multiple court appearances, she met with him at least two or three times in jail. She recalled that, on several occasions, they discussed the offenses to which he pleaded guilty. Although the Petitioner alleged in his petition that Trial Counsel failed to advise him of the "nature and elements of aggravated kidnapping," he did not present any proof at the hearing to support his allegations. Thus, the Petitioner is not entitled to any relief.

**Conclusion**

Based on the foregoing authorities and reasoning, we affirm the denial of post-conviction relief.

_____
DAVID H. WELLES, SPECIAL JUDGE